MOORE & KLING, INC. *vs.* H. J. LEGACE.

JULY 25, 1935.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

BAKER, J. This action of assumpsit was heard by a justice of the superior court sitting without a jury and resulted in a decision for the plaintiff for $117.83. The case is before us on defendant's exception to this decision.

The defendant, who was doing business under the name of the Legace Oil Service Company, 109 Chester Street, Woonsocket, Rhode Island, had for several years a running account with the plaintiff, which was originally carried in his own name, then changed to the Legace Service Station, and finally to the Legace Service Oil Company, but always at the Woonsocket address. On October 10, 1931, the defendant purchased from the plaintiff a truck tank, which the defendant claimed was unsatisfactory as to certain details, and so retained $100 from the purchase price pending changes he requested to be made. Some communications passed between the parties yet the matter remained in abeyance for almost three years, during which time the defendant used the tank practically as delivered.

Under date of April 13, 1933, the defendant's son ordered a small bill of merchandise from the plaintiff and signed this order, "Legace Service Oil Co. Canal St.—Blackstone, Mass." When this order was received, the plaintiff opened a new account on its books, shipped the merchandise to the Massachusetts address, and sent an invoice, dated April 17, 1933, in the sum of $5.40, with the entry, "Sold to Legace Service Oil Company, Canal Street—Blackstone, Mass." clearly set out at the top thereof.

On May 8, 1933, the defendant sent the plaintiff a check for $5.40 with the notation written in ink, in the space on the left of the check provided for a specification of the

items for which the payment is made, if the debtor sees fit to identify them, "Paid in full to May 1st–33." Above the writing just quoted is the printed statement "By endorsement this check is accepted in full payment of the following account." No account is specified and no reference is made to the tank dispute anywhere on this check, and as far as the testimony shows, no information, by letter or otherwise, was conveyed to the plaintiff that at the time the defendant sent this check he had in mind the dispute about the tank and intended the payment of $5.40 to be in full settlement of all claims. The plaintiff cashed the check and closed the account of the "Legace Service Oil Co. Canal St.—Blackstone, Mass."

Thereafter on August 7, 1933, the defendant, to cover a small invoice dated July 2, 1932, was credited by the plaintiff with a payment of $2.52 on the account at the "Woonsocket" address, which account the defendant is now claiming was settled and closed by the acceptance of his check for $5.40 given the previous May. Under this same date of August 7, 1933, the plaintiff drew a draft for $100 on the defendant, which he refused to honor because the subject-matter of the draft was "pending adjustment," according to a notation placed on the back of that instrument at the instance of the defendant or his son.

The plaintiff, thereupon, brought suit for the balance of $100 on the purchase price of the tank. To this action, the defendant sets up the defense of accord and satisfaction. From our examination of the testimony and the exhibits in the case, we fail to find the necessary constituent elements for such a defense. An accord and satisfaction rests in contract, and the existence of the new agreement must be established by a fair preponderance of the credible evidence by the party who seeks to assert it. *Thurber* v. *Sprague*, 17 R. I. 634; *Babcock* v. *Huntoon*, 35 R. I. 328, 339. It cannot be predicated upon the undisclosed intention of the debtor alone, especially where there are two separate accounts in existence, one of which is for a different location

and in a different state from the one in dispute. The testimony shows that the check from the defendant of May 8, 1933, for $5.40, which it is claimed constitutes the accord and satisfaction, exactly covered the amount of the defendant's "Blackstone" account and that as to this account there was no dispute of any kind between the parties. Furthermore, the defendant denies his own claim when he refused to honor the plaintiff's draft of August 7, 1933, about three months after the date of the check that he claims was in full settlement, on the ground that the matter to which it referred was "pending adjustment."

We agree with the principles relating to accord and satisfaction set out in *Hull* v. *Johnson & Co.*, 22 R. I. 66, cited by the defendant, but in our opinion the facts in that case and in the case at bar are so different that the cases are easily distinguishable.

We find no error in the decision of the trial justice.

The case is remitted to the superior court for the entry of judgment on the decision.

*Sisson & Fletcher, Fred Brosco*, for plaintiff.

*John R. Higgins, Sidney Silverstein*, for defendant.